IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROXANNE R. JACKSON

Plaintiff,

v. No. 1:15-cv-00871-AJT/MSN

BAYVIEW LOAN SERVICING, LLC

Defendant.

AMENDED COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Roxanne R. Jackson ("Plaintiff" or "Jackson"), by and through counsel, and for her Amended Complaint states as follows:

PARTIES[1]

1. Plaintiff is a resident of the Commonwealth of Virginia, and is the lawful and sole title holder of 13189 Tory Loop, Woodbridge, VA 22192 (hereinafter, the "Property"), subject to a lien evidenced by a Deed of Trust recorded among the land records of the County in favor of CitiFinancial Mortgage Company, Inc.

2. Defendant Bayview Loan Servicing, LLC ("Bayview") is the purported lawful servicer of the loan.

JURISDICTION AND VENUE

3. This Court may exercise jurisdiction over the claims and the Defendants given the removal of this case from Prince William County by Defendant Citi (*See* Dkt#1), to which Bayview and Plaintiff did not object.

[1] Plaintiff withdraws her claims against Citifinancial Mortgage Company

FACTS

4. On June 16, 2006, Plaintiff entered into a consumer credit transaction (hereinafter "the Note")(**Ex A**) with Citifinancial Mortgage Company, Inc. ("CITI”) in which the extended consumer credit was secured by the Property which was Plaintiff’s principal residence (**Ex B** – Jackson Deed of Trust (“DoT”)).

5. Bayview purports to be the servicer of the Loan.

6. Plaintiff got divorced in 2005, and then her father was ill, then passed, causing her to expend sums out of pocket for his medical expenses.

7. These financial difficulties resulted, in part, in her defaulting on the loan on or about January 2014.

8. Contributing to her default was the fact Plaintiff fell victim to a foreclosure rescue scam, the details of which are not relevant to these claims. Said scam resulted in her filing the removed complaint as filed in Prince William County.

9. The fact a borrower is in default does not deprive her of the right to enforce the terms of the Deed of Trust – a contract to which she is a party.

VOID ASSIGNMENT

10. On October 18, 2013, CITI claims to have assigned the Deed of Trust to Bayview (**Ex C**; also see Motion to Dismiss Ex A Dkt#4-1). In its motion to Dismiss, CITI asserts the loan was assigned to Bayview per the Assignment.

11. The assignment is only of the Deed of Trust (not together with the note), thus is a nullity as a matter of law.

12. The assignment is void and a cloud on title, as it proclaims an interest is held which is in fact not held in the Property.

13. Thus, the loan at that time was still held and owned by CITI.

VOID APPOINTMENT OF SUBSTITUTE TRUSTEE

14. On July 1, 2014, Bayview removes the original trustee and appoints a purported substitute trustee (**Ex D** – SoT).

15. But Bayview was not the secured party with the authority to so act, as it received nothing via the assignment addressed *supra* which was only of the deed of trust.

16. Thus, the substitution of trustees by Bayview is void and of no legal effect.

TILA VIOLATION – –failure to identify current creditor

17. On July 17, 2014, Plaintiff received a notice from Bayview that there was a change in the creditor for her loan, and identified "US Bank National Association, as trustee for the Certificateholders of Bayview Opportunity Master Fund IIIb REMIC Trust 2014-19NPL1" as the new creditor. (**Ex E** – Notice of new creditor).

18. There is no evidence to support the assertion that the loan was owned by that entity as of July 17, 2014, or at any other time since it was originated.

19. As a result, Plaintiff was, understandably, confused.

20. Plaintiff sent a qualified written request per RESPA a copy of the original note, and requested information per the Truth In Lending Act – for Bayview to identify the owner of the loan (*See* 15 USC 1641(f)(2)).

21. Bayview responded by letter dated January 1, 2014 (**Ex F**).

22. In its response, Bayview identified the owner of the loan as "Opportunity Funds US Bank."

23. The response came with enclosures (see Ex F, page 3), none of which support the assertion that 'Opportunity Funds US Bank" is the owner of the loan.

VOID FORECLOSURE

24. Another of the enclosures was a copy of the original note, which reveals there are no endorsements thereon (See attachment to Ex E – copy of the original note).

25. On February 23, 2015, upon information and belief, the substitute trustee foreclosed on the Property at the request of Bayview.

26. As noted, Bayview received nothing via the assignment, and there are no endorsements on the Note, thus Bayview had no authority to invoke the power of sale as that power is given to the sole discretion of the Lender, thus the foreclosure is void as having been conducted by one with no authority to so act.

27. The Deed of Trust at paragraph 24, states the Lender "may" remove the original trustee and appoint a substitute trustee.

28. The Deed of Trust at paragraph 16(c), states the word "may" gives sole discretion to act.

29. The Deed of Trust at paragraph 22, states the Lender "may" invoke the power of sale.

30. The Deed of Trust at paragraph 22, states the notice of the right to cure shall advise the Borrower of the right to file a complaint and raise any defense.

31. Bayview was not the Lender, thus had no authority to appoint the substitute trustee or invoke the power of sale.

32. In addition to her claims, Plaintiff files this complaint to raise the below defenses to the foreclosure sale that occurred on or about February 23, 2015.

## DEFENSES RAISED

33. The Jackson Deed of Trust has several conditions precedent which must be satisfied before the remedy of foreclosure accrues. Plaintiff raises the following conditions precedent and demands strict proof each was satisfied.

    a. A notice of default must be sent by the lender. Bayview is not the Lender. This was not done.

    b. The loan must be accelerated by the lender. Bayview is not the Lender. This was not done.

    c. The notice of the right to cure must be sent by the Lender and must specify the amount to cure and advise of the right to file a complaint and raise any defense. This was not done and was not sent by the Lender.

    d. The lender has sole discretion to appoint a substitute trustee. The substitute trustee was appointed by Bayview. Thus that document is void as it was executed by the wrong party.

    e. The lender has sole discretion to invoke the power of sale. Bayview is not the Lender, yet it invoked the power of sale.

34. If those conditions precedent were not satisfied, the power of sale was never invoked and there was no legal authority and nothing to transfer at any sale on February 23, 2015.

35. Plaintiff raises the above defenses to the purported authority of Bayview to enforce the terms of the Deed of Trust.

## ABUSE OF PROCESS

36. By letter dated June 16, 2015, Plaintiff was given a notice to quit by Bayview, asserting therein that Bayview now owned the Property (**Ex G**).

37. Bayview then cause process to be issued and served on Plaintiff, seeking to evict the Plaintiff from the Property (**Ex H**).

38. Bayview acted with reckless disregard of Plaintiff's property rights in invoking the power of sale and filing the unlawful detainer case seeking to evict Plaintiff, as it knew it had no authority to appoint the substitute trustee, no right to invoke the power of sale, and thus has no legal interest in the property as a result of the foreclosure auction, and thus no right to seek to evict the Plaintiff.

39. Bayview is using a legal process for an illegal purpose – to evict Plaintiff from the property so it can sell the Property and make a further profit – profit to which it is not entitled.

LIBOR MANIPULATION

40. The Lender is bound by the Real Estate Settlement Procedures Act ("RESPA"), thus it and its agents (whomever that is) owed Plaintiff a duty to properly perform the accounting, properly credit Plaintiff's payments to the loan, properly calculate interest on a monthly basis, and to provide those payments to the proper party once made.

41. Recent disclosures about the abuse of the LIBOR index(ces) indicates that most borrowers subjected to the LIBOR index on their mortgage Notes were detrimentally affected by the LIBOR Rate manipulations for the past ten years or more, specifically including the time period affecting the subject mortgage Note, Property and Plaintiff.

42. Three banks have, to date, admitted to manipulation of the LIBOR rate: Barclays, UBS and the Royal bank of Scotland (See **Ex I** – complaint filed by Federal Home Loan

Corporation against many financial institutions, referencing those admissions and providing citations thereto).

43. UBS Bank agreed to plead guilty to LIBOR Manipulations and pay the US Department of Justice a $1.5 Billion fine for such activities after subpoenas issued against UBS prompted Department of Justice investigations.

44. Other mortgage servicers are currently also the subject of LIBOR manipulation subpoenas in New York. See article describing the LIBOR abuse at:

http://mayo615.com/2013/01/06/crony-capitalism-ubs-libor-phil-gramm-and-the-junk-bond-king and the list of banks subject to the New York LIBOR subpoenas at:

http://money.cnn.com/2012/10/26/investing/libor-banks/index.html.

45. During the first week of February 2013, the Royal Bank of Scotland ("RBS") agreed to pay $612 million to U.S. and British authorities to settle allegations that RBS manipulated the LIBOR benchmark interest rates, and regulators warned there is more to come in the global investigation. See:

http://www.reuters.com/article/2013/02/06/us-rbs-libor-idUSBRE91500B20130206.

46. The improper LIBOR rate resulted in improper accounting and amounts due.

47. The improper calculation prevented any alleged Lender and or Noteholder from meeting all conditions precedent needed to strictly comply with the deed of trust before commencing or completing a foreclosure in Virginia (e.g. notice of default and / or acceleration advising the borrower of the amount owed, in arrears, and required to reinstate / cure, and validating the debt, a legal requirement prior to any action to collect on the debt).

48. Given the common knowledge of the admissions of several financial institutions that the LIBOR rate was manipulated for the past ten years or more, the payments, interest, balance,

and all interest rate calculations were not properly performed and must be reconciled to determine the proper amount due on the Note.

49. Plaintiff's Note had a change date (the first date that her interest would change based on LIBOR) of July 1, 2008 (See Ex A, pg 2, ¶4). Thus, every monthly calculation of interest since the change date has been incorrect as based on a manipulated figure. This has affected every monthly calculation of the principal balance, interest owed, and amounts due.

50. Plaintiffs do *not* allege that any Defendant engaged in the manipulation of LIBOR; only that the LIBOR rate applied to the interest in the Note was incorrect, thus the accounting is incorrect and must be corrected to properly calculate interest on the Note.

51. As the accounting is incorrect, it is not possible for the notice of the right to cure to be accurate and satisfy the requirement that it properly advise Plaintiff of the amount required to cure, as it is based on incorrect application of interest to the loan since July 2008.

**COUNT I**
Equitable Action to Rescind Foreclosure
(All Conditions Precedent Not Satisfied;
Remedy of Foreclosure Did Not Accrue /
Defenses Raised as expressly allowed by the Deed of Trust at ¶22)

52. Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

53. Bayview had no authority to enforce the terms of the Deed of Trust.

54. Defendant Bayview has no valid legal evidence it was assigned the rights to enforce the terms of the Deed of Trust by one with those rights to assign.

55. Despite having no assignment of said rights, Bayview unlawfully accelerated the loan, invoked the power of sale, purportedly appointed a substitute trustee, removed the original trustee, and requested that the substitute trustee sell the Property at foreclosure.

56. Foreclosure is an equitable remedy, and that remedy does not accrue until all conditions precedent are satisfied. One of the most important conditions precedent is, of course, that the foreclosing entity have the right to enforce the terms of the Deed of Trust, i.e. that one is the party secured thereby / is the successor in interest to the Lender.

57. Given the absence of any lawful evidence that Bayview owns the loan, it was a void action for the substitute trustee to conduct an auction and foreclose.

58. Plaintiff files this Complaint to apprise the Court of the unclean hands of the Defendant Bayview and to raise the following *defenses* and demands that Bayview provide strict proof of facts alleged in response hereto:

1 – Bayview is not the successor in interest to CITI, thus had no authority to accelerate the debt and invoke the power of sale (Deed of Trust ¶22) or to appoint the substitute trustee (Deed of Trust ¶24), as the Lender or its successor has sole discretion on whether or not to take said actions (Deed of Trust ¶16(c)).

2 – That Bayview provide strict proof, if alleged, that it was authorized to act on behalf of another, and that its principal was, in fact, the owner of the loan.

3 – The notice of default was not sent by the Lender, the notice of acceleration was not sent by the Lender, and the notice of the right to cure was not sent by the Lender, and did not advise Plaintiff of the right to bring a court action and raise any defense, as required (Deed of Trust ¶22).

WHEREFORE, Defendant Bayview had no authority to take said actions to foreclose on Plaintiff's Property, thus the most important condition precedent was not satisfied – Bayview had no right to sell Plaintiff’s Property, had no losses, had no privity of contract with Plaintiff, no contractual standing to enforce the Deed of Trust, and thus was not entitled to the drastic equitable

remedy of foreclosure. Plaintiff respectfully requests that if Bayview is unable to present evidence that all identified conditions precedent were satisfied, this Court enter an order rescinding the foreclosure sale, award damages, costs and attorney's fees, as equity requires, and whatever other relief the Court deems appropriate.

**COUNT II**
Remove Cloud on Title
(to remove void documents from the land records:
the Assignment and SoT and any Trustees' Deed evidencing Bayview now owns the Property)

59. Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

60. Plaintiff has Property rights, and has the right to ask this Court to remove clouds on her title.

61. Her title is clouded by the following unauthorized, void documents:

a. The document appointing substitute trustees, executed by Bayview, which had no authority to so act.

b. The Assignment of the Deed of Trust to the identified REMIC – as it is only of the Deed of Trust it is void as a matter of law.

c. The Trustees' Deed evidencing Bayview purchased the home at the void foreclosure sale conducted at its request when it knew it had no right to so act.

WHEREFORE, Plaintiffs respectfully request an Order following a trial of this matter before a jury striking the unauthorized and false / void documents from title to her Property, restoring title to Plaintiff and restoring to its proper place the subject deed of trust which secures the Loan.

**COUNT III**
Slander of Title
(The Trustees' Deed Slanders Plaintiff's title)

62. Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

63. Bayview had no authority to enforce the terms of the Deed of Trust.

64. Nonetheless, Bayview exercised powers that are limited to the Lender.

65. Bayview further, by its agents, recorded documents among the land records which Slander Plaintiff's title – in fact take it away from her.

66. The Trustees' Deed evidences that Bayview was the high bidder at a foreclosure sale on Feb 23, 2015.

67. However, the foreclosure sale is void, thus the Trustees' Deed is of no legal effect, and is itself also void, and slander's Plaintiff's title by taking title from her and giving it to Bayview.

68. Despite having no lawful assignment of said rights, Bayview unlawfully invoked the power of sale, purportedly appointed a substitute trustee, removed the original trustee, and requested that the substitute trustee sell the Property at foreclosure.

69. Defendant PNC or its agents caused the documents to be recorded in the public record – which is, as a matter of law, notice to the entire public, with knowledge that the filing was unjustified because Defendant knew that it did not have a valid interest in the Property thus Defendant had no right to proceed to a foreclosure sale.

70. The publication of the false words were the actual and proximate cause of actual damages suffered by Plaintiffs in retaining legal counsel, destroyed credit scores and credit history, increased interest rates, denied credit applications etc. and of special damages arising

from lost opportunities for credit. These damages continue to accrue, as long as the documents remains on the land records unreleased.

WHEREFORE, Defendant Bayview had no authority to take said actions to foreclose on Plaintiff's Property, thus the Trustees' Deed (which will be presented by Bayview in the unlawful detainer case) reflecting a sale was proper, that the terms of the Deed of trust were satisfied, and title was transferred, are all false statements which slander Plaintiff's title, took her title form her, and result in the release of the subject Deed of Trust. Plaintiff request's her compensatory damages, punitive damages, costs and attorney's fees.

**COUNT IV**
BREACH OF CONTRACT
Incorrect Interest Rate Applied to the Loan / Request for Accounting

71. Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in the count.

72. Plaintiff's ability to make timely payments was improperly and detrimentally affected by LIBOR manipulations, non-disclosure of such manipulations to the affected borrowers (including Plaintiff) and the true lender.

73. The lender, and its agents, owed a duty of good faith and fair dealing with regard to the terms of the Note, properly accounting for the LIBOR adjustments applicable to Plaintiff's interest rate from time to time each month since the first change date of July 1, 2008.

74. The duty of good faith and fair dealing owed to Plaintiff was breached, the terms of the contract were breached, and every calculation of interest since July 2008 has been incorrect, thus every calculation of the payment due, the amount owed, of the principal balance owed has also been incorrect, thus Plaintiff is entitled to a proper accounting of the payments, the calculated monthly interest correlated to a LIBOR Rate which was not manipulated, and the total amount due

(which is also required for the accounting that the Defendants will submit to the commissioner of accounts).

75.     The Lender is bound by the terms of the Deed of Trust and RESPA (which is referenced in the Deed of Trust) and the principle of good faith and fair dealing, and a fiduciary duty to properly and accurately perform the accounting of the loan.

76.     In breaching its Note contract and misapplying the LIBOR Rate to Plaintiff's Note, the Lender improperly calculated interest on a monthly basis since July 2008, improperly accounted for and misapplied Plaintiff's payments on the Note, and failed to provide accurate or truthful statements to the Plaintiff of the amount of her indebtedness since July 2008.

77.     Assuming Bayview presents evidence it was lawfully servicing the loan on behalf of the true owner of the loan, it is liable for damages and must provide an accounting of the loan and correct the interest applied since the change date in July 2008.

WHEREFORE, Plaintiff respectfully requests the following *if* Bayview is able to provide evidence that it was lawfully servicing the note on behalf of the true owner:

(1) that as agent of the true lender it breached the contract (the Deed of Trust and Note) with Plaintiff when it failed to ensure Plaintiff was entitled to the benefit of the contract and, whether or not inadvertently, applied a manipulated LIBOR rate to each and every calculation of interest since July 2008.

(2) Bayview provide a full accounting of every monthly calculation of interest since the April 2008 change date absent any LIBOR Rate manipulation;

(3) Bayview provide a full accounting of Plaintiff's payments tracking the LIBOR Rate applied to Plaintiff's Note rate absent any LIBOR Rate manipulation;

(4) Bayview verify the amount of the debt accurately after it has applied the LIBOR rate to Plaintiff's payments and monthly interest calculations and subsequent compound interest calculations without any LIBOR Rate manipulations;

(5) an award of attorneys' fees and costs of this action; and

(6) any other further relief as the Court deems necessary and just.

**COUNT V**
ABUSE OF PROCESS

78. Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in the count.

79. Bayview knew it had no authority to appoint a substitute trustee and invoke the power of sale.

80. Bayview knew it was acting in violation of Plaintiff's property rights in so acting.

81. Bayview knew it was acting for its own financial benefit with malice or in reckless disregard of Plaintiff's rights when it filed its unlawful detainer seeking to evict Plaintiff, when it knew the Trustees' Deed was the result of its prior unauthorized actions, thus the foreclosure and Trustees' Deed are void.

WHEREFORE, Plaintiffs respectfully request compensatory damages punitive damages, cost and attorneys' fees, as equity requires.

**COUNT VI**
TILA VIOLATION – 15 USC 1641(f)(2)

82. Plaintiff sent a request to Bayview to identify the current creditor.

83. By letter dated January 24, 2015, Defendant Bayview responded and identified "Opportunity Funds US Bank" as the current creditor.

84. Opportunity Funds US Bank is a non-existent entity.

85. Bayview, purporting to be the lawful servicer of the loan, was required by federal law to identify the current creditor.

86. Bayview failed to identify the current creditor, as required by federal law – 15 USC 1641(f)(2).

WHEREFORE, Plaintiffs respectfully requests statutory damages, costs and attorney's fees for Bayview's violation of the federal requirement under TILA that it identify the current creditor when requested to do so through a RESPA Qualified Written Request.

**Plaintiffs demand trial by jury on all counts so triable.**

August 4, 2015

ROXANNE R. JACKSON
By Counsel,

The Brown Firm, PLLC

/s/

Christopher E. Brown, Esq.
Virginia State Bar No. 39852
The Brown Firm PLLC
526 King St., Suite 207
Alexandria, VA 22314
Phone: 703-924-0223
Fax: 703-997-2362
cbrown@brownfirmpllc.com
*Counsel for Roxanne Jackson*

<u>Exhibits to Amended Complaint</u>

Ex A – LIBOR Note
Ex B – Deed of Trust
Ex C – 10.18.13 Assignment of Deed of Trust
Ex D – 7.1.14 Appointment of Substitute Trustee by Bayview
Ex E – 7.17.14 TILA Notice of New Creditor
Ex F – 1.24.15 Response to QWR by Bayview, with attachment – copy of original note
Ex G – 6.16.15 Notice to Quit
Ex H – Bayview UD Summons
Ex I – LIBOR Admissions

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's ECF system on August 4, 2015, which will send an NEF to all counsel of record.

___/s/________________________
Christopher E. Brown, VSB#39852
The Brown Firm PLLC
526 King St., Suite 207
Alexandria, VA 22314
Phone: 703-924-0223
Fax: 703-997-2362
cbrown@brownfirmpllc.com